ELDORADO JEWELRY COMPANY *v.* HITCHCOCK & CAMP.

ATKINSON, J. 1. This was a suit to recover $200, the price of goods sold under a written contract. The defendants pleaded that the goods delivered were different from those bargained for, and that upon receipt all were rejected except certain articles of the value of $3, which were retained by the defendants to reimburse them for transportation charges advanced by them. On the question raised by the plea that the goods delivered were not the goods contracted to be delivered, the evidence was conflicting; and as to whether the printed form of contract employed was altered by the plaintiff's agent at the time of taking the order from the defendants and before it was approved by the plaintiff at its home office, the evidence was not clear. The judge directed a verdict in favor of the plaintiff for $3. *Held*, that the direction of such a verdict involved the withdrawal, from the consideration of the jury, of issues presented by the pleadings and evidence, and it was erroneous for the judge to direct a verdict.

2. The court allowed one of the defendants to testify: "I expressed these goods back to plaintiff, and took a receipt for the goods when they were sent." The plaintiff objected to this evidence, on the ground that "The express receipt will show when he shipped them; the express receipt will show when the goods arrived, and the books of the express company will show when he got them,—when he took them away from the express office." *Held*, the evidence was not open to the objection urged against it. There was no offer to prove by parol the contents of any of the writings referred to in the objection. When considered in connection with admissions of the plaintiff that the goods had been returned to it by express, it was competent for the defendants, independently of the records mentioned, to prove by parol the substantive fact that they "expressed" the goods "back to the plaintiff;" and it was not harmful error to allow the witness to testify that he "took a receipt" for them "when they were sent."

3. The court also allowed a witness for the defendants to testify: "My reason for shipping any back is set out in my letter. I didn't go into details. They just did not come up according to contract." This testi-

mony was objected to upon the ground that it was incompetent for the witness to say "what was a compliance of contract," that being a matter of conclusion rather than a matter of fact. An examination of the evidence as a whole shows that the defendants testified particularly wherein the goods varied from the contract. Under these conditions there was no error in refusing to exclude the testimony.

*Judgment reversed. All the Justices concur.*

Argued January 15,—Decided June 11, 1908.

Complaint. Before Judge Edwards. Paulding superior court. February 13, 1907.

*J. S. James* and *H. W. Nally,* for plaintiff.

*W. E. Spinks,* for defendants.